UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM H. and RITA N. ELLSWORTH                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:07cv3-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY,
KELLY CANNON, KELLY CANNON STATE FARM
INSURANCE, ARMADO TREVINO, and JOHN DOES 1-10           DEFENDANTS

**ORDER**

Plaintiffs have filed a [40] motion for the Court to reconsider its [39] Order for Mediation. The principal ground for this relief is that there is a pending [6] Motion to Remand. On the logic of Plaintiffs' counsel, it follows that because this Court lacks subject matter jurisdiction, then an order referring this cause of action to mediation is void. Of course, the Defendants who [1] removed the case to this Court would differ on this Court's ability to exercise jurisdiction. To fit it within a potentially applicable rule, Plaintiff's counsel even suggests that the [39] mediation order was entered by mistake or clerical error, and "[a]lternatively . . . state for the record that if the Court compels mediation, the Plaintiffs in no way consent to the jurisdiction of the Court."

Plaintiffs' [40] motion is couched in terms that a determination on jurisdiction has already been made, or at least is a foregone conclusion. That is not the case, and while activity in a case may be stayed during the pendency of a motion to remand, the Court is well within its discretion under Fed. R. Civ. P. 16 to manage the conduct of the cause of action, including ordering mediation. There was no mistake or clerical error made here. There is no justification for reconsideration of [39]. Plaintiffs' statement for the record is noted.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [40] Motion for Reconsideration of this Court's [39] Order for Mediation is **DENIED**;

All provisions of that [39] Order remain in full force and effect.

**SO ORDERED** this the 12th day of September, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE