UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM H. ELLSWORTH and RITA N. ELLSWORTH**     **PLAINTIFFS**

**V.**     **CIVIL ACTION NO. 1:07CV003 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**
**and KELLY CANNON, ET AL.**     **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

The Court has before it Plaintiffs William and Rita Ellsworth's (Ellsworth) Motion [6] To Remand and Motion [17] For Entry of an Order of Remand to State Court, Defendant Kelly Cannon's (Cannon) Motion [10] To Dismiss and Motion [12] for Summary Judgment, State Farm Fire and Casualty Company's (State Farm) Motion [14] To Dismiss.  For the reasons set out below, the plaintiffs' Motion [6] To Remand will be granted, the plaintiffs' Motion [17] for Entry of an Order of Remand to State Court will be denied as moot;  and the other motions [10] [12] [14] will be denied without prejudice to the right of the moving parties to refile their motions in state court following remand.

This is an action seeking compensation for property damage sustained by the plaintiffs during Hurricane Katrina.  Plaintiffs were insured under a homeowner's policy (policy number 24-B4-5402-7) issued by State Farm.  Plaintiffs were also insured under a flood insurance policy (policy number 24-RB-2583-0) sold by State Farm under the National Flood Insurance Program.  The insured property is situated at 2426 Kanda Way, Diamondhead, Mississippi.

The plaintiffs' homeowners policy had coverage limits of $303,500 (dwelling), $30,350 (dwelling extension), $227,625 (personal property) and "Actual Loss Sustained" for loss of use of the insured property.  The plaintiffs' flood policy, which took effect at 12:01 a.m. Central Standard Time on August 29, 2005, had coverage limits of $250,000 (dwelling) and $58,100 (personal property).

The limits of coverage under the flood policy have been tendered by State Farm and accepted by the plaintiffs, and there is no current controversy concerning this flood policy.  There is a controversy concerning whether Cannon breached any common law duties he owed to the plaintiffs.   There is also a controversy between State Farm and the plaintiffs under the State Farm homeowners policy over whether the insured property was damaged by the hurricane winds (a loss covered under the homeowners policy) or storm surge flooding (a loss excluded by the terms of the homeowners policy and included in the coverage of the flood policy).  When State Farm declined the

plaintiffs' claim for damage under the State Farm homeowners policy, this action ensued.

This case was originally filed in the Circuit Court of Hancock County, Mississippi, where the insured property is located.  Plaintiffs, who are resident citizens of Louisiana, named four identifiable defendants (in addition to ten fictitious "John Doe" defendants): 1) State Farm, 2) Cannon individually, 3) Kelly Cannon State Farm Insurance, an insurance agency operated by Cannon (it is unclear whether this defendant is a corporation, but that information is not essential to the decision of the pending motions), and 4) Armando Trevino, whose address was not known at the time the complaint was filed.  Plaintiffs assert a number of claims against these defendants.  In order to decide the merits of the plaintiffs' motion to remand, it will be necessary to focus on the plaintiffs' claims against Cannon.

State Farm removed this action on the grounds of diversity of citizenship.  State Farm alleges that Cannon (and presumably the agency) was fraudulently joined as a defendant to defeat State Farm's right to have this matter adjudicated in a federal forum based on the complete diversity of the parties properly named as defendants.  Because Cannon is a resident citizen of Mississippi, if he has been properly joined and served as a defendant, removal on grounds of diversity of citizenship is prohibited by 28 U.S.C. §1441(b).

A very liberal legal standard applies to this Court's determination whether the plaintiffs have stated a viable cause of action against a non-diverse party who has allegedly been fraudulently or improperly joined to defeat diversity jurisdiction.  Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiffs all reasonable inferences in support of their claims based upon those facts.  The complaint against the non-diverse defendant may be dismissed only if there is no reasonable basis for concluding that the plaintiffs may establish a right of recovery against the non-diverse defendant.  Under this liberal standard, misjoinder or fraudulent joinder is an issue on which the removing party has the burden of proof.  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981); *See Dodson v. Spiliada Maritime Corp.* 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).

The state court complaint makes the following allegations in support of the plaintiffs' claims against Cannon:  Plaintiffs were insurance clients of Cannon and his agency.  The plaintiffs bought their State Farm homeowners policy and their flood policy through Cannon.  State Farm has stated (and the plaintiffs have not denied) that the first homeowners policy the plaintiffs purchased from Cannon was issued in 1999.  This is a key fact that supports State Farm's contention that the plaintiffs' claims against Cannon are time-barred, and this contention is the basis for Cannon's motion to dismiss and his motion for summary judgment.  The parties apparently agree that the State Farm homeowners policy was renewed annually.  The plaintiffs have alleged that Cannon was negligent in failing to properly advise them concerning the amount of coverage necessary to keep their property fully insured against storm damage.  The

plaintiffs assert that their flood coverage for the contents of their home was inadequate and they assert that Cannon never informed them that excess flood insurance was available in the insurance market.

The plaintiffs assert that the duty of reasonable care that applies to Cannon in the context of the particular facts of their relationship (the location of the insured property, the value of the insured property, the plaintiffs' lack of knowledge concerning insurance compared with Cannon's status as an insurance professional) required that Cannon more fully advise them concerning their risks and coverages. Plaintiffs allege that they reasonably relied upon Cannon for this advice and that they have suffered financially because Cannon negligently failed to meet his duty of reasonable care.

The complaint contains other allegations against Cannon, but I do not reach the merits of these other claims because the plaintiffs' claim of negligence is sufficient to require that this case be remanded.

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

An insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care. The inquiry whether any particular statement is the product of negligence is a fact-intensive inquiry, and any determination whether actionable negligence has occurred must be made on a fully-developed record. The conduct required to meet an insurance agent's duty of reasonable care will vary depending on the nature of the relationship between the agent and his clients, the type of insurance involved, and other variables. The question of whether Cannon's conduct met his duty of reasonable care is a question of fact, and at this juncture the plaintiffs are entitled to the benefit of any uncertainty concerning the scope of this duty. Given the very liberal rules of interpretation I am required to apply to the plaintiffs' factual allegations, I cannot say, as a matter of law, that Cannon met his duty of reasonable care and that Cannon is therefore entitled to judgment as a matter of law.

Of course, the truth of the plaintiffs' allegations, whether and in what circumstances Cannon or his agency's representatives discussed coverage issues with the plaintiffs, whether Cannon or his agency's representatives' actions were inconsistent with the applicable standard of care, and the question of whether the plaintiffs reasonably relied, to their financial detriment, upon the acts and omissions alleged to be negligent are all questions for the finder of fact to decide after

consideration of the evidence supporting the plaintiffs' negligence claims and consideration of the evidence offered by the defense. At this juncture, however, the plaintiffs' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).

Without venturing any opinion on the merits of the plaintiffs' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder or whether a misjoinder has occurred, and under the standards of Rule 56, F.R.Civ.P., State Farm and Cannon have failed to establish that the plaintiffs have no viable legal theory upon which they may proceed against Cannon and his agency. In my view, the plaintiffs' allegations are sufficient to state a cause of action against Cannon and his agency under the liberal standards I am obliged to apply at this juncture.

Because this Court lacks subject matter jurisdiction, I must deny Cannon's motions [10] [12] to dismiss and for summary judgment and State Farm's motion [14] to dismiss without prejudice. The question whether this action is time barred depends on the evidence that will establish the time Cannon's alleged negligence occurred. This is another fact question on which the plaintiffs are entitled to the benefit of the doubt. The defendants argue that there has been no interaction between the plaintiffs and Cannon or State Farm since the first homeowners policy was issued in 1999, but there is no evidence to support this argument in the record before me. The plaintiffs' theory of negligence may be supported by evidence that reasonable care required that Cannon review their insurance policies and advise them more frequently than did in fact occur.

Accordingly, I will grant the plaintiffs' motion to remand. An appropriate order will be entered.

**DECIDED** this 25th day of September, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE